UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARILYN Y. GIDLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case Number: 2:16-cv-01698-JHE |
| RENAISSANCE MONTGOMERY HOTEL AND SPA, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION[1]**

Plaintiff Marilyn Y. Gidley ("Gidley") filed this employment discrimination action on October 18, 2016, using this Court's form "Application under Section 706(f) of Civil Rights Act of 1964." (Doc. 1). On this form, Gidley requested appointment of an attorney and leave to proceed *in forma pauperis*. (*Id.*). On November 1, 2016, the undersigned denied Gidley appointment of counsel and granted her leave to proceed *in forma pauperis*, provided she file an amended complaint. (Doc. 2). Gidley filed an amended complaint on November 28, 2016. (Doc. 4). It is apparent from Gidley's amended complaint she is attempting to assert a sex discrimination claim. (*See id.*). Defendant PCH Hotels and Resorts d/b/a/ Renaissance Montgomery Hotel and Spa ("Defendant") moves to dismiss the amended complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 8). The motion is fully briefed and ripe for review. (Docs. 22 & 23). For the reasons stated below, the motion to dismiss, (doc. 8), is **GRANTED**.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 15).

1

## I. Factual Allegations[2]

Gidley is a current "on call" employee of Defendant's Renaissance Montgomery Hotel and Spa, where she previously worked as bartender. (Doc. 4 at 1, 3). On May 3, 2015, Gidley placed her money bag next to the register, and then allowed Willie Reese, a Jani King employee,[3] behind the bar to clean. (*Id.*). Reese stole $300.00 while Gidley stood at the end of the counter. (*Id.* at 1, ¶E). Gidley was initially terminated based on cash handling issues, but was hired back and now works as an "on call" employee for Defendant. (*Id.* at 2, 3). That same day, Reese also stole a television from an unlocked office belonging to Gary Jones, a male board member. (*Id.* at 1, 3). Jones was not punished for the theft or for leaving the office door unlocked. *(Id.* at 1).

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or " a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Rule 12(b)(6), Fed. R. Civ. P., permits dismissal when a complaint fails to state a claim

---

[2] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)).

[3] According to the amended complaint, "Jani King" is a second chance programs that hires individuals with criminal histories. (Doc. 4 at 2). Jani King paid for all of the stolen items. (*Id.*).

2

upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III. Analysis

Gidley comes before the court representing herself, without the benefit of counsel: i.e., *pro se*. "A document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "the *pro se* plaintiff's complaint must meet the minimum requirements of presenting a viable claim." *Hales v. City of Montgomery*, 347 F. Supp. 2d 1167, 1171 (M.D. Ala. 2004).

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). In her amended complaint, Gidley alleges she was "[t]erminat[ed] from [her] position for being robbed, but [her] male co-worker was robbed and no type of disciplinary action

was taken. (Doc. 4 at 1). Gidley refers to this as "[d]iscrimination." (*Id.*)

The Supreme Court has held that, in considering a motion to dismiss, "it is not appropriate to require a plaintiff to plead facts establishing a *prima facie* case" that would be sufficient to satisfy the *McDonnell Douglas* framework that is often applied at summary judgment. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002). Nonetheless, "the *prima facie* elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all the elements of her claim." *Streeter v. FedEx Ground Package System, Inc.*, No. 6:12–cv–163–Orl–22DAB, 2012 WL 717865, at *3 (M.D. Fla. Feb. 13, 2012). Therefore, the undersigned will use the *prima facie* elements as a point of reference in discussing Gidley's claim.

"A plaintiff establishes a *prima facie* case of disparate treatment by showing that she was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir.2004). Those three basic elements—membership in a protected class, an adverse employment action, and better treatment of a similarly situated employee outside the protected class—are not rigid, and courts have developed different sets of elements for specific theories of disparate treatment. The protected group to which Gidley belongs is her sex, female, and the first element of the *prima facie* case is satisfied. Furthermore, she alleges an adverse employment action, that she was terminated from her bartender position and only later rehired as an "on-call" employee. *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1261 (11th Cir. 2001) (explaining that an employment action is adverse if it results in some tangible, negative effect on the plaintiff's employment); *see also Alexander v. Evening Shade, Inc.*, No. 3:09cv605-MHT, 2010 WL 3168132, *3 (M.D. Ala. Aug. 10, 2010) (explaining that a reduction in hours qualifies as an adverse employment action because "a reduction in hours results

directly in a reduction in pay"). Defendant argues that Gidley's claim fails because her allegations establish that she and Jones were *not* similarly situated as required to state a claim. (Doc. 8 at 3-4).

To be an adequate comparator, the preferentially treated individual must be from outside the plaintiff's protected class *and* must be similarly situated in all respects. *Edmond v. Univ. of Miami*, 441 Fed. Appx. 721, 724 (11th Cir. 2011). To be considered "similarly situated," an employee allegedly receiving lesser or no discipline must have been involved in or accused of the "same or similar misconduct" and have operated under the same workplace rules or polices." *Dent v. Federal Mogul Corp.*, 129 F. Supp. 2d 1311, 1314 (N.D. Ala. 2001). "In a comparator analysis, the plaintiff is matched with a person or persons who have very similar job-related characteristics and who are in a similar situation to determine if the plaintiff has been treated differently than others who are similar to him [or her]." *Lee v. Mid-State Land & Timber Co.*, 285 F. Appx. 601, 606 (11th Cir. 2008).

Gidley, a bartender at the time of the alleged incident, allowed cash that was in her custody to be stolen from in front of her. Jones, a "board member," is not alleged to have been on the premises when the television was stolen. Instead, Gidley implies that Jones was responsible for the theft because he left his office door unlocked, but fails to allege that having an unlocked door was inappropriate or violated any rules or procedures. Although Gidley and Jones were both connected to thefts by the same individual, the circumstances surrounding each of the thefts were different.

Furthermore, even if Gidley had alleged that Jones caused the television theft by violating some locked door policy, it would be a different policy violation than the cash handling policy that caused Defendant to remove Gidley from her bartender position. Additionally, the positions of

5

bartender and board member are obviously very different positions within Defendant's company and further demonstrate Gidley and Jones are not similarly situated. Gidley's allegation that the rule book she received stated that all employees, no matter their level, would "take punishment at the same level," (doc. 4 at 1), does not change this result.

## IV. Conclusion

For the foregoing reasons, Gidley has failed to state a Title VII sex discrimination claim. Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (doc. 8), is due to be **GRANTED**.

DONE this 17th day of August, 2017.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE